MARK C. KUJAWSKI, Esq. (MK6300)
Kujawski & Kujawski, PLLC
1637 Deer Park Avenue
Deer Park, New York 11729
Telephone: 631-242-1600
Facsimile: 631-242-1814
Attorneys for Plaintiff June Kinnear

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
JUNE KINNEAR,

                    Plaintiff,                        Civil Action No:

vs.                                            **COMPLAINT AND**
                                                  **JURY DEMAND**
ASSOCIATED MATERIALS, INC., ALSIDE
ASSOCIATES, L.P., ALSIDE N.Y. DISTRIBUTING,
INC., and WILLIAM PRUSH,

                    Defendants.
-----------------------------------------------------------------------x

Plaintiff, June Kinnear ("Kinnear" or "Plaintiff"), who resides at 6 Vantage Court, Port Jefferson, New York 11777, County of Suffolk, by way of her Complaint against Defendants Associated Materials Inc., Alside Associates, L.P., Alside N.Y. Distributing, Inc.(hereinafter "Defendants" and Defendant William Prush (hereinafter "Prush") hereby says:

I. **Nature of the Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for (1) a violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2(a), et seq. (Title VII) (Gender Discrimination); (2) a violation of Title VII (Sexual Harassment); (3) a violation of Title

VII, 42 U.S.C. § 2000e-3(a) (Retaliation); and (4) supplemental jurisdiction for common law and New York State claims under 28 U.S.C.A. § 1367.

2. Jurisdiction is asserted under 28 U.S.C. § 1331 in so far as Plaintiff's Complaint asserts claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2(a).

3. Venue is appropriate pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C) in that the illegal and improper acts which are the basis for the within asserted causes of action occurred within this judicial district and Plaintiff currently resides within the limits of the judicial district of the United States District Court for the Eastern District of New York.

4. Plaintiff has exhausted all applicable administrative remedies before filing this action.

## II. **Parties**

5. Beginning in June 2007, Plaintiff was employed by Defendant Associated Materials, Inc. Plaintiff was employed as a sales representative. Plaintiff was compensated, in part, on a commission basis.

6. Defendant Associated Materials Inc. maintains a principal place of business at 3373 State Road, Cuyahoga Falls, Ohio 44223.

7. Defendant Alside Associates, L.P., is a division of Defendant Associated Materials, Inc., with an office located at 303 Winding Road, Suite 1, Old Bethpage, New York 11804.

8. Defendant Alside N.Y. Distributing, Inc., is a division of Defendant Associated Materials, Inc. with an office located at 303 Winding Road, Suite 1, Old Bethpage, New York 11804.

9. Defendant William Prush was employed by Defendant Associated Materials, In. On and before September 14, 2014, Defendant Prush was the supervisor of Plaintiff.

10. At all times herein, employees of Defendant Associated Materials, Inc., Defendant Alside Associates, L.P., and Defendant Alside N.Y. Distributing, Inc., were acting within the scope of their employment at the workplace during work hours, or Defendant Associated Materials, Inc., Defendant Alside Associates, L.P., and Defendant Alside N.Y. Distributing, Inc. ratified, embraced and/or encouraged their conduct to the extent that their actions went beyond the scope of their employment.

### III. Factual Allegations

11. That on September 19, 2014, at approximately 11:30 AM, Plaintiff was in the course of her employment with Defendants at the office located at 303 Winding Road, Suite 1, Old Bethpage, New York 11804.

12. Plaintiff, together with co-worker John Gale, co-worker Jonathan Parisi, and Defendant Prush were in a conference room assembling gift bags for an upcoming, work-related, trade show.

13. Plaintiff offered a suggestion as to how the gift bags were to be assembled.

14. Defendant Prush, in a hostile, aggressive tone, screamed at Plaintiff "NO, NO, NO."

15. Plaintiff then stated "Ok. Ok. We will do it your way."

16. Defendant Prush then grabbed Plaintiff by the neck with both hands and violently shook her.

17. Defendant Prush then released Plaintiff and left the room.

18. Jonathan Parisi said to Plaintiff "That's Bill."

19. Thereafter, customers of Defendants became aware of the attack and expressed concern.

20. In response to customer inquires, Defendants told customers that the incident was intended to be a joke and that Plaintiff been 'a hysterical female who was unable to take a

guy's locker room joke', that she was overreacting and was just trying to get Prush terminated.

21. Long standing customers who had worked with Plaintiff then called her regarding the claims that Plaintiff had been a hysterical female.

22. As a result of thereof, Plaintiff was caused to suffer a substantial loss of reputation and revenue.

23. Defendants terminated Defendant Prush.

24. That after Defendant Prush's termination, Defendants continued to permit Defendant Prush to be present at the office where Plaintiff was employed.

25. That Defendants permitted Defendant Prush's presence despite knowing that Plaintiff feared Defendant Prush.

26. That Defendants permitted Defendant Prush's presence despite the hostile environment that it created for Plaintiff.

27. That Defendants thereafter and a result thereof did substantially reduce Plaintiff's sales territory in retaliation for the aforementioned incident.

## COUNT I
## (Title VII)
## Gender Discrimination

28. Plaintiff realleges and incorporates herein the paragraphs set forth in the Complaint.

29. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, provides that it shall be an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his or her compensation, terms, conditions or privileges of employment, because of such individual's gender or to limit, segregate, or classify his or her employees in any way which would deprive or tend to

deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of the individual's gender.

30. The foregoing facts and circumstances establish a violation of Title VII by engaging in gender discrimination.

31. As a direct and proximate result of the actions of Defendants and Defendant Prush, Plaintiff has incurred lost wages, suffered harm to her reputation, incurred a diminished capacity to earn a living suffered mental anguish. Furthermore, Plaintiff has sustained physical discomfort, pain and suffering, shame and embarrassment, emotional distress, the physical manifestations of emotional distress and/or physical injuries, and additional economic damages for the payment, now and in the future, for the treatment of same.

## COUNT II
## (Title VII)
## Sexual Harassment

32. Plaintiff realleges and incorporates herein the paragraphs set forth in the Complaint.

33. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, provides that it shall be an unlawful employment practice for an employer to discharge any individual , or otherwise to discriminate against any individual with respect to his or her compensation, terms, conditions or privileges of employment, because of such individual's gender or to limit, segregate, or classify his or her employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of the individual's gender.

34. As a direct and proximate result of the actions of Defendants and Defendant Prush, Plaintiff has incurred lost wages, suffered harm to her reputation, incurred a diminished capacity to earn a living suffered mental anguish. Furthermore, Plaintiff has sustained

physical discomfort, pain and suffering, shame and embarrassment, emotional distress, the physical manifestations of emotional distress and/or physical injuries, and additional economic damages for the payment, now and in the future, for the treatment of same.

### COUNT III
### (Title VII)
### Hostile Work Environment

35. Plaintiff realleges and incorporates herein the paragraphs set forth in the Complaint.

36. That as a result of the foregoing, Defendants and Defendant Prush did create and permit severe and pervasive conduct that permeated Plaintiff's work environment, including but not limited to physical assault on Plaintiff by Defendant Prush and Defendants' allowance of Defendant Prush to re-enter the work environment, and by creating and disseminating a narrative that disparaged Plaintiff, and such interfered with Plaintiff's ability to perform her job.

37. As a direct and proximate result of the actions of Defendants and Defendant Prush, Plaintiff has incurred lost wages, suffered harm to her reputation, incurred a diminished capacity to earn a living suffered mental anguish. Furthermore, Plaintiff has sustained physical discomfort, pain and suffering, shame and embarrassment, emotional distress, the physical manifestations of emotional distress and/or physical injuries, and additional economic damages for the payment, now and in the future, for the treatment of same.

### COUNT IV
### (Title VII)
### Retaliation

38. Plaintiff realleges and incorporates herein the paragraphs set forth in the Complaint.

39. That as a result of Plaintiff's reporting the aforementioned incidents and unwillingness to acquiesce to the false, gender-based narrative disseminated by Defendants, Defendants retaliated against Plaintiff by restricting her sales territory, continuing a hostile work environment, and ostracizing Plaintiff from other employees and customers.

40. As a direct and proximate result of the actions of Defendants and Defendant Prush, Plaintiff has incurred lost wages, suffered harm to her reputation, incurred a diminished capacity to earn a living suffered mental anguish. Furthermore, Plaintiff has sustained physical discomfort, pain and suffering, shame and embarrassment, emotional distress, the physical manifestations of emotional distress and/or physical injuries, and additional economic damages for the payment, now and in the future, for the treatment of same.

## COUNT V
### Civil Assault

41. Plaintiff realleges and incorporates herein the paragraphs set forth in the Complaint.

42. That on September 15, 2014, Defendant Prush did uninvitedly touch Plaintiff.

43. As a direct and proximate result of the actions of Defendant Prush, Plaintiff has incurred lost wages, suffered harm to her reputation, incurred a diminished capacity to earn a living suffered mental anguish. Furthermore, Plaintiff has sustained physical discomfort, pain and suffering, shame and embarrassment, emotional distress, the physical manifestations of emotional distress and/or physical injuries, and additional economic damages for the payment, now and in the future, for the treatment of same.

## COUNT VI
### New York State Human Rights Law

44. Plaintiff realleges and incorporates herein the paragraphs set forth in the Complaint.

45. That as result of the aforementioned gender discrimination, sexual harassment, hostile work environment, and retaliation, Defendants and Defendant Prush did violate Article 15 of the New York State Human Rights Law.

46. As a direct and proximate result of the actions of Defendant Prush, Plaintiff has incurred lost wages, suffered harm to her reputation, incurred a diminished capacity to earn a living suffered mental anguish. Furthermore, Plaintiff has sustained physical discomfort, pain and suffering, shame and embarrassment, emotional distress, the physical manifestations of emotional distress and/or physical injuries, and additional economic damages for the payment, now and in the future, for the treatment of same.

47. Further, Plaintiff has be required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**WHEREFORE**, as to each and every count Plaintiff demands judgment on each and all of these Counts against Defendants and Defendant Prush, jointly and severally, as follows:

    a. Compensatory damages of not less than $500,000.00;

    b. Damages for lost wages and benefits;

    c. Damages for humiliation, mental and emotional distress;

    d. Applicable statutory damages;

    e. Punitive damages;

    f. Attorney's fees and costs;

    g. Lawful interest including pre-judgment interest on wages;

    h. Lawful interest including pre-judgment on any wages not paid in a timely manner;

      i. Such other and further relief as this Court deems just and proper.

Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual allegations and claims contained herein, based upon information received from Defendants, Defendant Prush, witnesses, experts and others in the course of discovery in this matter.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

Dated:     May 17, 2015

 

_____
MARK C. KUJAWSKI, Esq. (MK6300)
Kujawski & Kujawski, PLLC
1637 Deer Park Avenue
Deer Park, New York 11729
Telephone: 631-242-1600
Facsimile: 631-242-1814
Attorneys for Plaintiff June Kinnear